Filed 10/10/23  Stephen H. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEPHEN H., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF KERN COUNTY, <br><br> Respondent; <br><br> KERN COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> Real Party in Interest. | F086643 <br><br> (Super. Ct. No. JD143295-01) <br><br> **OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Christie Canales Norris, Judge.

Stephen H., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]   Before Detjen, Acting P. J., Franson, J. and Snauffer, J.

Petitioner Stephen H. (father), in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452)[1] from the juvenile court's orders issued at a 12-month review hearing (Welf. & Inst. Code, § 366.21, subd. (f))[2] terminating his reunification services and setting a section 366.26 hearing for November 15, 2023, as to his child, S.H. (the child). Father seeks a writ directing the juvenile court to return the child to his custody, and he requests a stay of the section 366.26 hearing pending our review of his writ petition. We conclude father's petition fails to comport with the procedural requirements of rule 8.452 regarding extraordinary writ petitions and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

*Initial Removal*

In December 2021, the child was removed from his mother, Allison H. (mother), after mother was found under the influence and asleep in her vehicle with a drug pipe and fentanyl container accessible to the child. An original petition was filed in the Los Angeles County Superior Court alleging the child was described by section 300, subdivision (b)(1). The petition alleged that the child was at substantial risk of suffering serious physical harm as a result of mother's substance abuse. At the detention hearing held on December 30, 2021, the Los Angeles County Superior Court ordered the child removed from mother's custody and released to father.

On March 8, 2022, a combined jurisdiction and disposition hearing was held. The allegations in an amended petition regarding mother's substance abuse were found true, the child was placed with father under a plan of family maintenance services, and mother was ordered to participate in enhancement services. Visitation for mother was ordered to be supervised by the child welfare agency or its designee for a minimum of three times per week for two hours. Unannounced home visits were to be conducted of father's

---

[1] All further rule references are to the California Rules of Court.

[2] All further statutory references are to the Welfare and Institutions Code.

2.

home by the child welfare agency or child's counsel, and father was to make the child available for the unannounced home visits.

An inter-county transfer to Kern County Superior Court was ordered on April 19, 2022, after the Los Angeles Superior Court found the child's residence to be Kern County. The child's case was accepted for transfer by the Kern County Superior Court (juvenile court) on May 24, 2022. At the transfer-in hearing, father was ordered to participate in parenting counseling, conjoint counseling with mother, and random drug testing. A review hearing pursuant to section 364 was set for September 6, 2022.

***Subsequent Petition***

On June 2, 2022, the Kern County Department of Social Services (department) filed a subsequent petition after mother and father were involved in a physical altercation while the child was present. At the detention hearing on the subsequent petition held on June 3, 2022, mother and father were not present. The juvenile court ordered the child removed from the custody of mother and father, and it set a combined jurisdiction and disposition hearing for July 14, 2022.

The report prepared for the jurisdiction hearing recommended the allegations in the subsequent petition be found true, and it also detailed the events leading up to the child's most recent removal. On May 23, 2022, the paternal grandmother informed the assigned social worker that mother had "taken off" with the child two days earlier. Father initially told the social worker that mother came by his house in the afternoon and started screaming at him for an unknown reason. He claimed mother put the child in her car and left. Father insisted he did not call law enforcement after mother took the child because "he did not want to do that." The paternal grandmother provided father with notice that he had to move out of her home.

The social worker attempted to contact mother and various maternal relatives to determine the child's whereabouts. Later that evening, mother contacted the social worker and provided her recollection of the incident with father. Father asked mother to

3.

meet him at a store while the paternal grandmother was gone. Mother claimed father got in her car and started smoking a crack pipe in the child's presence. She threw water at him to make him stop, and he began hitting her "over and over again" on the arm. Father reportedly left the scene on his bike without the child. Mother stated she did not call the police because she was scared, and she did not want to leave the child with father while he was using drugs. Mother refused to provide the child's location to the department, but she agreed to provide it to law enforcement.

The next day, an investigating social worker spoke with the paternal grandmother. The paternal grandmother had not observed father using drugs, but she was unable to tell when father was under the influence. Father told the investigating social worker that he began arguing with mother while they were going to a store. He claimed that he was unaware of the reason for the argument, and he insisted she just started screaming and threw water at him. Father then admitted to hitting mother twice on her arm while she was holding the child. He got out of the car and told mother to come back once she was calm, but mother did not return his phone calls. The paternal grandmother and father previously supervised mother's visits, but the paternal grandmother no longer wished to be involved in supervising her visits.

On May 31, 2022, law enforcement informed the social worker that the child was located with mother and a maternal aunt. Mother showed an officer yellowing bruises on her arm after explaining that father hit her before she left with the child. The child was taken into protective custody by law enforcement. The paternal grandmother filed a restraining order against father, and he was arrested for violating the restraining order and taking her car without permission on July 6, 2022.

The department's report for the disposition hearing dated July 12, 2022, recommended that the child remain in out-of-home care and mother and father be provided family reunification services. The child was placed in the home of a maternal aunt, and father was incarcerated at a pretrial facility in Kern County. The report detailed

4.

pending criminal charges against father for carjacking, first degree robbery, taking a vehicle without the owner's consent, violating a restraining order, and damaging a wireless communication device.

At the combined jurisdiction and disposition hearing on August 2, 2022, father was present while in custody. Father waived his rights to a trial and submitted on the department's reports. The juvenile court found that father made a knowing and intelligent waiver of his rights, and it proceeded to find the allegations in the subsequent petition true. The juvenile court then ordered the child removed from father's custody and family reunification services to be provided to mother and father. Father was ordered to participate in counseling for domestic violence as a perpetrator, substance abuse, and parenting. He was also to submit to random drug testing, and a missed test was to be a presumed positive test. Mother and father's visitation was to be supervised at a frequency of twice per week for two hours. A six-month review hearing was set for January 25, 2023, and father did not appeal the juvenile court's jurisdictional and dispositional orders on the subsequent petition.

### *Family Reunification Period*

In its report for the six-month review hearing dated January 13, 2023, the department recommended the juvenile court terminate reunification services for father and mother. Father was released from the pretrial facility on October 26, 2022, and he moved to Los Angeles upon his release. Father claimed he was enrolled in substance abuse and domestic violence classes, but he had not provided the department with proof of his enrollment. There were no classes available to him while in custody at the pretrial facility. Father did not want the child to visit him while he was incarcerated, and he began participating in supervised visits with the child after his release.

At a contested six-month review hearing held on January 25, 2023, father was present and represented by counsel. Father's counsel objected to the department's recommendation and argued on father's behalf. The juvenile court ordered father's

reunification services to continue and mother's reunification services terminated. A 12-month review hearing was set for July 25, 2023, and father was ordered to be appear.

The 12-month review report dated July 14, 2023, recommended father's reunification services be terminated. Father was dropped from his parenting course, and he failed to submit to random drug testing. He never provided verification of his attendance of a substance abuse program and domestic violence course. Visitation between father and the child was not consistent, and father was dropped from the visitation schedule for excessive no shows. The social worker had not been able to maintain consistent contact with father despite multiple attempts to ensure his compliance with the case plan. Father reported being homeless while going back and forth between Kern County and Los Angeles.

The 12-month review hearing was held on July 25, 2023, and father was not present. Father's counsel entered an objection with no additional evidence to present. The juvenile court followed the department's recommendation to terminate father's family reunification services, and it set a section 366.26 hearing for November 15, 2023.

## DISCUSSION

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) A parent seeking review of the juvenile court's orders from the setting hearing must, as father did here, file an extraordinary writ petition in this court on Judicial Council form JV–825 to initiate writ proceedings. The purpose of such petitions is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's findings and orders issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

Rule 8.452 sets forth the content requirements for an extraordinary writ petition. It requires the petitioner to set forth legal arguments with citation to the appellate record. (Rule 8.452(b).) In keeping with the dictate of rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy recognizing that a parent representing him or

6.

herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and we are not required to independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, father's petition is inadequate in presenting a claim of error. He indicated on page 3 of the preprinted form "Petition for Extraordinary Writ" (JV-825) that he was requesting an order that the child be returned to his custody and the section 366.26 hearing be vacated. Father attached portions of the record to the petition and alleged various statements contained in the department's jurisdiction report were false. He provides an alternate version of the events surrounding the child's removal from his custody, and he contends the inconsistencies identified in the record provided "significant grounds for review and dismissal."

Father describes many statements in the jurisdiction report as "false," but he provides no explanation as to how the juvenile court's order terminating his reunification services was erroneous. Nowhere in the petition does father assert that the juvenile court erred in finding it would be detrimental to return the child to his custody. Nor does he challenge the findings underlying the court's order terminating reunification services. The statements father made in his petition could be construed as a challenge to the sufficiency of the evidence relied upon by the juvenile court when it sustained the subsequent petition and removed the child from his custody. However, the court's jurisdictional findings and dispositional orders on the subsequent petition are now final and no longer reviewable.

A party's "conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate," and the contention will be found by the appellate court to have been abandoned. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Without citation to authority or to the record, or any discussion supporting his conclusory statements, any challenge to the juvenile court's

7.

findings that return of the child would be detrimental must be deemed abandoned. (See *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court has no obligation to "develop the appellants' arguments for them"].) Consequently, he failed to raise a claim of reversible error. Therefore, his petition does not comply with rules 8.450 and 8.452 and is inadequate for appellate review.

Father did not provide any context from which this court could construe an alleged error by citing to relevant facts in the appellate record or any legal authority. Consequently, father's writ petition is facially inadequate for appellate review. Further, as a reviewing court, we do not independently review the appellate record for possible errors. (*In re Sade C.*, *supra*, 13 Cal.4th at p. 994.) Therefore, we dismiss the petition.

## DISPOSITION

The petition for extraordinary writ is dismissed. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A). The request for a stay of the section 366.26 hearing is denied.